**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    ROSEMARY DILLON,

10          Plaintiff,                        No. C 04-01192 JSW

11      v.

12   SAN FRANCISCO VETERANS                   **ORDER RE CORRESPONDENCE**
     ADMINISTRATION FORT MILEY
13   HOSPITAL, named as "EEO" at Fort Miley,
     Hospital, 4150 Clement Street, San Francisco,
14   CA 94121,

15          Defendant.
                                                      /
16

17          On December 8, 2004, this Court granted Defendant's motion to dismiss on the basis

18   that any employment discrimination claims were barred.  However, in that Order the Court gave

19   Plaintiff leave to amend her complaint.  Specifically, the Court ruled as follows:

20                 Although styled as a complaint for discrimination, Ms. Dillon has
             also alleged facts suggesting that there was a breach of [an] alleged
21           agreement to clean up her record in exchange for her resignation.  The
             complaint, however, does not clearly state by what procedure the
22           agreement was reached (*e.g.,* a union grievance procedure or a Title VII
             statutory procedure), whether the "EEO" was a party to the agreement, or
23           whether the "EEO" was merely involved in the negotiations between Ms.
             Dillon and the SFVA, resulting in a private agreement between those two
24           parties.  Apart from the general terms described herein, Ms. Dillon has not
             alleged any of the other terms of the agreement, has not stated whether the
25           alleged agreement was written or oral, and, if written, has not included a
             copy of the agreement.
26
                   Despite these deficiencies, leave to amend is to be liberally granted
27           where, from underlying facts or circumstances, a plaintiff may be able to
             state a claim.  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th
28           Cir. 1987).  *See also McKenzie v. Milpitas*, 738 F. Supp. 1293, 1398 n.5
             (N.D. Cal. 1990) (stating that leave to amend is freely given in order to
             facilitate a proper decision on the merits, and is applied with "extreme
             liberality").  Accordingly, because Ms. Dillon pleads facts that suggest she

may have a claim for breach of the agreement discussed in her complaint, the Court GRANTS Ms. Dillon leave to amend to plead such a claim. In doing so, however, the court notes that Ms. Dillon faces sever hurdles on questions of jurisdiction and statutes of limitation.

(Docket No. 14 (Order Granting Motion to Dismiss at 8:2-19 (footnote omitted). The Court granted Ms. Dillon leave to amend "solely to plead a claim for breach of the agreement discussed in her complaint," and ordered her to file an amended complaint by no later than January 10, 2005. (*Id.* at 9:1-3.) The Court further advised Ms. Dillon that failure to file an amended complaint within that time frame "shall result in a dismissal for failure to prosecute." (*Id.* at 9:5.)

In apparent response to that Order, the Court received a letter dated December 21, 2004, from Plaintiff, which it construed as a request to reconsider its decision on the motion to dismiss. On January 12, 2005, the Court issued an Order denying the request to reconsider the Order denying the motion to dismiss. In that same Order, because Plaintiff had not filed an amended complaint, the Court ordered Plaintiff to show cause as to why her case should not be dismissed for failure to prosecute. Plaintiff was ordered to file a written response by February 11, 2005. (*See* Docket Nos. 15, 16.)

In apparent response to that Order, Plaintiff sent a letter dated January 26, 2005, which states only that Plaintiff has not done anything wrong and reiterating her belief that she has been wronged by Defendant. Plaintiff did not, however, provide the Court with an explanation as to why she had not complied with the Court's order to file an amended complaint, nor did she file any document with the Court that could be construed as an amended complaint.

On February 17, 2005, having considered the Plaintiff's correspondence and considering that, after having ample opportunity to do so, Plaintiff had not complied with the Court's order to file an amended complaint, the Court issued an Order dismissing the case for failure to prosecute and directed the Clerk to close the file. (Docket No. 17.)

Since that date the Court has received numerous letters from the Plaintiff, the most recent of which consistently state that Ms. Dillon prosecuted a case against the "EEO, at the Fort Miley Hospital," and "did not prosecute a case against the San Francisco Veterans

Administration, Fort Miley Hospital." (*See, e.g.,* Docket Nos. 24-25, 27-33.)  The Court recognized in its Order granting the motion to dismiss, that Ms. Dillon might have a claim for breach of contract against either the SFVA or the "EEO" or both, and it granted Ms. Dillon leave to file an amended complaint to assert such claim.  Ms. Dillon did not do so, and the Court dismissed for failure to prosecute.  The Court has considered Ms. Dillon's correspondence but finds no basis to revisit its Order dismissing this case for failure to prosecute.  The matter is closed.

**IT IS SO ORDERED.**

Dated:  May 20, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6   DILLON,

Case Number: CV04-01192 JSW

Plaintiff,

7                                           **CERTIFICATE OF SERVICE**

v.

8

SAN FRANCISCO VETERANS
9   ADMINISTRATION FORT MILEY H et
al,

10

Defendant.
11   _____/

12

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13   District Court, Northern District of California.

14   That on May 20, 2009, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
15   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

16

17

18   Rosemary Dillon
19   3099 Milpond Drive, East #2B
Holland, MI 49424

20
Dated: May 20, 2009
21                                           *Jennifer Ottolini*
Richard W. Wieking, Clerk
22                                           By: Jennifer Ottolini, Deputy Clerk

23

24

25

26

27

28